CaeutiieRS, J.,
delivered the opinion of the court.
On the 1st day of October, 1848, Miles "White made a written lease to J. Banks & Co., of the eastern half of lot 312, in the city of Memphis, for a term of five years, at a stipulated amount per annum, to be paid on the 1st of April and October of each year, for which notes were taken. Upon these notes this suit is brought. The defense is failure of consideration. The covenant required that a cotton shed should be erected on the said lot by the lessees. It appeared, that during the pendency of the lease the shed was built and occupied by the lessees. By the opening a new street on each side of said lot by the city authorities, the same was overflowed with water, and became entirely untenable and useless. It was abandoned by the lessees, and they removed the shed. It is not shown that this abandonment was sanctioned in any way, by the lessor.
The only question is, whether these facts constitute a legal defense to an action on the notes? The Court below thought not, and so do We.
The law does not imply any warranty as to the continuing condition of the property demised. The only implied warranty is, as to title, and any acts by, *615 or under tbe landlord, which, would affect the use of the property. Against every other event or contingency, the lessee must provide by express stipulation, in order to exonerate himself from the payment of the rent.- . ..
It is no defense, that the house was blown down by storm or consumed by fire; Monk vs. Cooper, 2 Strobh., 763; Balfour vs. Weston, 1 Term. R., 310; or gained upon by the sea; Dyer, 56; or the occupation rendered impracticable by the public enemies; Paradise vs. Jane Alleyn, 26; or where a wharf was swept away by the river. In a late case in the court of Exchequer, Hart vs. Windsor, 12 Meeson & Welsby’s Rep., cases are referred to and approved, and the whole subject examined. The cases upon which the text in Chitty on Contracts, is based, and which are relied upon in this case for reversal, are there reviewed and explained, or overruled. It is there decided that there is no implied contract on the part of the lessor, that the condition of the property shall continue, or any implied condition that if it should not, the, 'lessee may abandon, and be relieved from his contract for the payment of future- rent. He is bound by his contract, and the risk is his. The law would, of course, be different where there was a failure on the- part of the landlord to perform any duties and engagements incumbent on him by agreement of the parties, in consequence of which the premises become altogether, or less suitable for the purposes intended. In that case, the tenant would have a right to quit whenever he chose, and stop the rent. There can be no distinction, in principle, between the lease of houses or lands, and *616 the hiring of a slave for a definite time, at a fixed price. It is a familiar rule, that in the latter case the hirer runs all risks, and is bound for the stipulated hire if the slave should die or run away from him the next day, or what is worse, fall sick and continue for the whole time a tax upon him. Yery hard cases may occur, but they must be guarded against by contract'.
The law, then, was correctly charged in this case, by his Honor, and the judgment will be affirmed.